USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/8/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, <br><br>　　　　　Petitioners,<br><br>　　　　　-against-<br><br>M & K CONSTRUCTION SERVICES CORP.,<br><br>　　　　　Respondent. | 1:17-cv-05034 (ALC)<br><br>**OPINION AND ORDER** |

------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

　　　Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Charity Fund; the New York City and Vicinity Carpenters Labor Management Corporation; and the New York City District Council of Carpenters ("Petitioners"), petitioned to confirm an arbitration award rendered pursuant to a collective bargaining agreement against Respondent M & K Construction Services Corp. Respondent did not answer the petition, or otherwise move with respect to the petition. For the reasons set forth below, the Petition is GRANTED.

## BACKGROUND

There are four Petitioners in this action. First are the trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds"). The ERISA Funds are multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"). Second are the trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund"), a charitable organization established under Section 501(c)(3) of the Internal Revenue Code. Third is the New York City and Vicinity Carpenters Labor-Management Corporation, a New York not-for-profit corporation. Together with the ERISA Funds and the Charity Fund, they are the "Funds." Fourth is the New York City District Council of Carpenters (the "Union"), a labor organization that represents employees in an industry affecting commerce within the meaning of Section 501 of the Labor Management Relations Act ("LMRA"). Respondent is a corporation and also an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

The dispute stems from a collective bargaining agreement (the "CBA") covering the period July 1, 2001 through June 30, 2006 signed between the Union and the Respondent in 2010. The CBA was extended past its expiration date via agreement signed by Respondent. Under the CBA, Respondent was required to remit contributions to the Funds and submit itself to audits by the Funds to determine whether Respondent remitted the necessary contributions to the Funds. The Petitioners conducted an audit of Respondent for the period of November 8, 2010 through June 30, 2015, which revealed that Respondent failed to remit all required contributions

2

to the Funds.

Respondent failed to pay the amounts it had failed to remit, and the Funds submitted the matter to arbitration. The Funds served a notice of arbitration hearing on March 3, 2017. The arbitration hearing was held on May 16, 2017. Neither Respondent nor any representative of Respondent appeared at the hearing. The arbitrator, Roger E. Maher, examined the evidence presented by the Petitioners and found that Respondent was delinquent in the fringe benefits, or contributions, due to the Funds pursuant to the CBA. Specifically, for delinquencies arising during the period November 8, 2010 through June 30, 2015, the arbitrator ordered Respondent to pay the Funds the sum of $48,160.17, consisting of (1) the principal deficiency of $30,095.22, (2) total interest of $4,314.13, (3) liquidated damages of $6,019.04, (4) late payment interest of $2.15, (5) promotional fund fee of $171.63, (6) court costs of $400.00, (7) attorney's fee of $1,500, (8) arbitrator's fee of $500, and (9) audit costs of $5,158.00.

Petitioners seeks to confirm this award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and to receive reasonable attorneys' fees and costs expended in this matter. As a result of nonpayment, Petitioner sought judicial enforcement by commencing this action to confirm the arbitration award. Respondent was served with the petition on July 10, 2017, but has not appeared, answered, or otherwise moved with respect to the petition. Petitioners sought to convert their petition into an unopposed motion for summary judgment. The Court then ordered Respondent to show cause why Petitioner's request should not be granted. Respondent failed to respond.

## STANDARD OF REVIEW

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of*

3

*Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Odessy Constructioncorp*, No. 1:14–cv–1560–GHW, 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014) (internal quotations marks omitted); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). An award should be confirmed so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." *Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). Neither a disagreement with the arbitrator's finding of fact, nor a difference of opinion about the correct interpretation of the contract, is an occasion for judicial intervention. *See, e.g., United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision.").

District courts generally treat an unanswered petition to confirm an arbitration award as an unopposed motion for summary judgment. *D.H. Blair*, 462 F.3d at 110. In essence, "the petition and the accompanying record" become "a motion for summary judgment." *Id.* Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the arbitration award and

attorneys' fees and costs. The Court agrees.

Confirmation of Arbitration Award

First, Petitioners have sufficiently shown that there is no question of material fact. Respondent has offered no opposition and has not raised any questions of fact. Second, the arbitrator acted within the scope of his authority in issuing the arbitration award. Article XV, Section 7 of the CBA (Petition, Ex. A) provides that if any dispute concerning the payment to the Funds arise, the "arbitrator shall have full and complete authority to decide any and all issues" arising from such dispute. Here, a dispute arose between the parties as to Respondent's alleged failure to remit contributions to the Funds, thus plainly putting it within the authority of the arbitrator to decide. The arbitrator found that Respondent was bound by the CBA, and in violation of such agreement, was delinquent in payment of fringe benefit contributions and obligated to pay the delinquency assessment in addition to fees and costs. Accordingly, the undisputed evidence demonstrates that the arbitrator did not exceed the scope of his authority in rendering the reward. *See, e.g., Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enter. Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *3-4 (S.D.N.Y. Nov. 28, 2016). Moreover, Respondent, failing to appear, does not contest the amount of the award, and thus, the amount is undisputed. Nothing in the record suggests that this amount is incorrect. Petitioners have thus demonstrated that there are no genuine disputes of material fact as to whether they are entitled to confirmation of the arbitration award. Accordingly, the Court confirms the arbitration award.

Attorneys' Fees and Costs

Petitioners seek attorneys' fees and costs incurred in bringing this petition. Pursuant to the CBA (Article XV, Section 6), Petitioners are entitled to the reasonable attorneys' fees and

5

costs expended in this matter. Moreover, in actions to confirm arbitration awards, it is well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (quoting *Bell Production Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)). Here, Respondent has neither complied with the Award nor offered any justification for its failure to do so. Accordingly, Petitioners are entitled to reasonable attorneys' fees and costs in bringing this action. *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 6952345, at *5. In addition, the Court finds the requested fees and costs to be reasonable and analogous to the amounts granted by courts in this district. *See id.* (granting $1,910.00 in attorneys' fees and costs).

## CONCLUSION

For the reasons set forth above, Petitioners' motion to confirm the arbitration award is granted. The Clerk of Court is directed to award judgment in favor of the Petitioners and against Respondent in the amount of $48,160.17 pursuant to the May 17, 2017 arbitration award with interest to accrue at the rate of 5.75% from the date of the Award, pursuant to the arbitrator's Award, plus $1,035 in attorneys' fees and $75 in costs arising out of this petition, and post-judgment interest at the statutory rate. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: December 8, 2017
      New York, New York

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**